UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL LEE STOCKTON,<br><br>Defendant. | NO: CR-04-128-RHW<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR DIRECTED VERDICT OF ACQUITTAL RE: FORFEITURE OF DEFENDANT'S CHEVROLET TAHOE** |

Before the Court is Defendant's Motion for Directed Verdict of Acquittal Re: Forfeiture of Defendant's Chevrolet Tahoe (Ct. Rec. 153). The motion was heard without oral argument.

### BACKGROUND FACTS

On October 14, 2005, Defendant was convicted of one count of Conspiracy to Commit the Crime of Possession with Intent to Distribute 100 Kilograms or More of Marijuana, one count of Possession with Intent to Distribute 100 Kilograms or more of Marijuana, one count of Conspiracy to Import 100 Kilograms or More of Marijuana, and one count of Damage to Government Property.

At the close of the Government's evidence, Defendant moved for a directed verdict of acquittal on the forfeiture count. The Court took the motion under advisement and permitted the jury to answer whether night vision goggles, and a 2001 Chevrolet Tahoe were used to commit or facilitate the commission of the

**ORDER DENYING DEFENDANT'S MOTION FOR DIRECTED VERDICT OF ACQUITTAL RE: FORFEITURE OF DEFENDANT'S CHEVROLET TAHOE ~ 1**

drug crimes. The jury found that they were used to commit or facilitate the commission of the drug crimes.

## DISCUSSION

Pursuant to Fed. R. Cr. P. 29, a defendant may move the court to enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction. In this case, it appears that Defendant is arguing that there is insufficient evidence from which the jury could find that the Tahoe was used to commit or facilitate the commission of the drug offenses. Typically, in a motion for judgment of acquittal the evidence is reviewed in the light most favorable to the prosecution to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *United States v.Magallon-Jimenez*, 219 F.3d 1109, 1112 (9th Cir. 2000). In a forfeiture count, however, the Government need only prove the elements of forfeiture by a preponderance of the evidence. *United States v. Shryock*, 342 F.3d 948, 991 (9th Cir. 2003). Thus, the Court in reviewing Defendant's motion must view the evidence in the light most favorable to the Government to determine whether any rational trier of fact could have found the essential elements of the crime of forfeiture by a preponderance of the evidence.

Under federal law, a person who is convicted of a drug violation must forfeit to the United States any of the person's property that was used or intended to be used to commit or facilitate the commission of the drug offense. 18 U.S.C. § 853. In viewing the evidence in the light most favorable to the Government, the Court finds that the jury could have found that Defendant used the Tahoe to commit or facilitate the commission of the drug offenses. The jury heard testimony that Defendant used the Tahoe to travel to Canada in order to meet with Joseph Trudeau, who is a co-conspirator. Daniel Middleton testified that while Trudeau was not the supplier of the marijuana, he played a significant role in the drug

**ORDER DENYING DEFENDANT'S MOTION FOR DIRECTED VERDICT OF ACQUITTAL RE: FORFEITURE OF DEFENDANT'S CHEVROLET TAHOE ~ 2**

smuggling operation. A reasonable jury could have inferred that the trips to Canada were in furtherance of the conspiracy, and the trips were facilitated through the use of the Tahoe.

Moreover, the marijuana was found in the same building as the Tahoe. The Court finds that a reasonable jury could have inferred that it was more likely than not that the Tahoe would be used to transport the marijuana.

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant's Motion for Directed Verdict of Acquittal Re: Forfeiture of Defendant's Chevrolet Tahoe (Ct. Rec. 153) is **DENIED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this order and to provide copies to counsel.

**DATED** this 21st day of November, 2005.

s/ ROBERT H. WHALEY
Chief United States District Judge

Q:\CRIMINAL\2004\Stockton\deny.dirverd.wpd

**ORDER DENYING DEFENDANT'S MOTION FOR DIRECTED VERDICT OF ACQUITTAL RE: FORFEITURE OF DEFENDANT'S CHEVROLET TAHOE ~ 3**